

PROVIDED TO HAMILTON CI
SEP 21 2017
FOR MAILING

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
SEP 25 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

VICTOR M. DIAZ,
    Petitioner,

v.                                    CASE NO:

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, SECRETARY OF D.O.C.
JULIE L. JONES, Et. Al,
    Respondent(s).
_____/

## COMPLAINT AND OR PETITION FOR WRIT OF HABEAS CORPUS AND PRO SE QUEDUM

COMES NOW, the Petitioner VICTOR M. DIAZ, pro se and pursuant to Fed. R. Civ. P. Rule 7(a)(1) and any other applicable Rule of Court and moves this Court to issue an order of Writ of Habeas Corpus ad Prosequedum. Ordering the Florida Department of Corrections and I.C.E. to remove the improper hold against the Petitioner who is an American Citizen.

### Section I. JURISDICTION

This Court has jurisdiction to entertain this Writ of Habeas Corpus pursuant to Federal Rules of Civil Procedure, Rule 7(a)(1) and Article V. 4(b)(3), in this case, as the Writ of Habeas Corpus is the proper remedy to challenge the legalities of the Petitioner's detention herein.

## Section II. STATEMENT OF FACTS

- Petitioner VICTOR M. DIAZ, DC# B05438 is currently incarcerated at Hamilton Correctional Institution, (Annex), 10650 S.W. 46th Street, Jasper, FL. 32052.

- Petitioner was sentenced on February 29th, 2008, in <u>Division – U</u>, in Palm Beach County, FL.

- Petitioner is serving a term of 15 years in Department of Corrections.

- Petitioner's tentative release date is currently 3-2-19, and 85% release date is 2-5-19.

- Petitioner's Detainer was lodged against him while incarcerated in prison. The <u>Detainer Number: A40-496-613</u>, was issued on August 13th, 2012.

- Petitioner requests disposition of the Detainer lodged against him and moves this Court to dispose of Detainer or proceed to the proceedings deemed appropriate to dis-lodge the Detainer against the Petitioner.

## Section III. ARGUMENT

In the present case, the Petitioner has not been booked or participated in any proceeding concerning the Detainer in accordance with his Due Process Rights. "The basic Due Process guarantee of the Florida Constitution provides that 'No person shall be deprived of Life, Liberty, or Property without Due Process of

2

Law.' Art. I. Section 9, Fla. Const." Dep't of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla. 1991).

The Detainer lodged against the Petitioner would further restrain his Liberty interests, creating an undue hardship upon him and his family if he is unable to address this prior to reaching his end of sentence date (EOS). Sylvester v. Tindall, 154 Fla. 663, 18 So.2d 892, 894 (Fla. 1944). ("The general rule is not to determine whether a person has committed a crime, or the injustice of his detention on the merits, but to determine whether he is legally imprisoned or restrained of his Liberty.") Tindall, is analogues here because the Detainer involves future Liberty interests that otherwise remain unresolved without the Petitioner's ability to access the court. (Emphasis Added.)

The courts have determined that it is the prisoner's "ability or even the desire to participate in State treatment and rehabilitative programs [are] obviously affected by the uncertainties of the possible sentence to be meted out." Ridgeway v. United States, 558 F.2d 357 (6th Cir. 1977) (Where the court found the psychological effects of a Detainer frustrates the rehabilitative efforts. *See also* S. Rep. No. 91-135b, 91st Cong. Sess., reprinted in 3. U.S. Code Cong. And Admin., New 4864-4866.) The petition for Writ of Habeas Corpus Ad Prosequedum calls the protections, which the particular situation demands upon the flexible nature of Due Process and equal protection. "[C]onsideration of what Due Process may

require under any given set of circumstances must begin with a determination or the precise nature of the government function involved, as-well-as the private interest that has been affected by government action." Cafeteria and Restaurant Workers Union v. M.C. Elray, 367 U.S. 886, 895, 6 L.Ed.2d 1230, 1236, 81 S.Ct. 1743 (1961). C.F. Hyser v. Reed, 115 U.S. Appellant District Court 254, 318 F.2d 225 (1963), which provides for a minimal inquiry that should be conducted as promptly as is convenient. C.F. Golberg v. Kelly, 397 U.S. at 267-271, 2b L.Ed. at 298-300.

The Petitioner submits that the Detainer lodged against him is violating his Constitutional Right to be able to sign up for Work Release or participate in any rehabilitative programs upon his last two years of his sentence.

The Petitioner's release date is only a couple of years away and would be eligible to sign up for Work Release or be able to exercise his custody by working outside of D.O.C.'s perimeter.

The Petitioner also submits he is a U.S. Citizen and has a social security card and Birth Certificate. So therefore, the Detainer lodged against Petitioner by I.C.E. Immigration is a frivolous Detainer, due to he is a U.S. Citizen.

Section 941.45 Fla. Stat. holds, in pertinent part "the party states find that charges outstanding against a prisoner, Detainers based on untried indictments, information, or complaints, and difficulties in securing the Rights of persons

already incarcerated in other jurisdictions produce uncertainties, which obstruct programs of prisoner's treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all Detainers. Based on untried indictments, information, or complaints." Therefore, it is hereby asserted that the Petitioner demands this Court to take the appropriate ruling / orders to be handled in an Expeditious Manner in the disposing of his Detainer.

## Section IV. RELIEF SOUGHT

The relief sought by this petition is the issuance of a Writ of Habeas Corpus Ad Prosequedum, setting a hearing within a reasonable amount of time period within 14 working days from the filing of this petition. And if needed to be, ordering the Petitioner be transported to Palm Beach County, Florida, if needed to present, in order to dispose of the Detainer lodge against him and set this Detainer for hearing. And or grant any other relief as the court deems fit and proper to dislodge Detainer against the Petitioner.

## OATH

Under the penalties of perjury I certify, that I have read the foregoing motion and the facts stated in it are true and correct, I understand English and the Motion's contents, the Motion is filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of the court.

Executed this **21** day of **September**, 2017.

/s/ _____

VICTOR M. DIAZ / DC# B05438
Petitioner / Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing has been placed in the hands of Hamilton Correctional Institution Annex officials for mailing, via U.S. mail, to:

United States District Court
Southern Florida
701 Clematis St., Rm. 402
West Palm Beach, Florida 33401

Florida Dept. of Corrections – Secretary
Julie L. Jones
501 South Calhoun St.
Tallahassee, Florida 32399-2500

U.S. Immigration and
Customs Enforcement
500 12th Street S.W.
Washington D.C. 20536

On this __21__ day of __September__, 2017.

_____
VICTOR M. DIAZ / DC# B05438
Hamilton Correctional Inst. - Annex
10650 S.W. 46th Street
Jasper, Florida 32052



DIAZ, VICTOR M. B05438
Hamilton Correctional Inst. - Annex
10650 S.W. 46th Street
Jasper, FL. 32052

MAILED FROM JACKSONVILLE
A STATE
CORRECTIONAL INSTITUTION

United States District Court
Southern Florida
701 Clematis St., Rm. 402
West Palm Beach, FL. 33401